Per Curiam.

The relator was an employee of the General Electric Company, and, while he was operating a punch press in the course of his employment, his left hand was caught between the die and the ram and was injured.
After a determination and payment of a portion of a normal award of workmen’s compensation and within the required two-year period following his injury, relator filed an application for the allowance of an additional award pursuant to the provisions of Section 35, Article II of the Ohio Constitution.
It is agreed that there was attached to the press a two-hand *256 tripping device designed to keep the ram of the press from making its down stroke when the operator’s hands were in the danger zone, and that the dog spring on this device broke, resulting in the relator’s injury.
General Electric contends that the two-hand tripping device complied with the specific safety requirements of the Industrial Commission. The commission agreed with this contention and denied the claim of the relator.
Relator alleges that the device did not comply with the specific safety requirements of the Industrial Commission.
Relator’s position is that the two-hand tripping device which was used on this press was of such design and construction that no effective inspection or maintenance of such device was possible, and that, therefore, this dog spring was certain to break, resulting in an injury to the operator of the press, the only question being as to when such injury would occur.
It is agreed that there was a mechanical failure of the dog-spring that caused the injury.
Section 35, Article II of the Constitution of Ohio, provides:
‘ ‘ * * * Such board [Industrial Commission] shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall he final * * (Emphasis added.)
The question for the court to determine, therefore, is, did the Industrial Commission abuse the discretion vested in it when it denied the relator’s application for an additional award because of the alleged violation by General Electric of a specific safety requirement?
The device which was used on this punch press conformed to the general terms of the specific safety requirement promulgated by the commission. This court is not called upon to determine what type of safety device it might require under similar circumstances were the duty imposed by law upon the court to write the specific safety requirements.
This court, upon this record and under the circumstances of this case, can not say that the commission abused its discre *257 tion in refusing to allow the additional award to this relator, where the injury was caused by the mechanical failure of a dog spring and where it is agreed that a latent defect in the dog spring could not be found by inspection during maintenance. State, ex rel. Allied Wheel Products, Inc., v. Industrial Commission, 166 Ohio St., 47. Accordingly, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Gibson, JJ., concur.
Herbert, J., dissents.